PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY REYNOLDS, | ) | |
| | ) | CASE NO. 5:20CV1876 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF Nos. 16, 17] |
| Defendant. | ) | |

The assigned magistrate judge issued a Report and Recommendation (ECF No. 15) affirming Defendant's final decision denying Disability Insurance Benefits ("DIB") to Plaintiff. Plaintiff objects to the Report and Recommendation. ECF No. 17. Defendant responded in opposition to the objections. ECF No. 18.

For the reasons below, Plaintiff's objections (ECF No. 17) are overruled and the Report and Recommendation (ECF No. 15) is adopted.

### I. Background[1]

During a hearing held before an Administrative Law Judge ("ALJ"), Plaintiff and impartial medical and vocational experts testified. Reasoning that Plaintiff (1) rejected additional treatment recommended to her, (2) discontinued use of multiple medications without her physician's consent, (3) was being effectively treated by conservative treatment, and (4) was

---

[1] Plaintiff filed a prior application for DIB that was also denied. *See* Report and Recommendation at 1, Page ID# 981, note 1.

(5:20CV1876)

experiencing symptoms inconsistent with the objective medical findings, the ALJ concluded Plaintiff was not disabled. The ALJ's decision was affirmed by the Appeals Council.

Arguing that the ALJ's decision was not supported by substantial evidence, Plaintiff filed the instant lawsuit challenging the Appeals Council's final decision. ECF No. 1. The assigned magistrate judge affirmed the ALJ's decision that Plaintiff was not disabled, opining that, although Plaintiff's rejection of treatments, and discontinued use of medications were insufficient reasons to conclude she was not disabled, the effectiveness of her other treatments and inconsistency between her alleged symptoms and objective medical findings were sufficient reasons.

## II. Discussion

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention on contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); see also 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

2

(5:20CV1876)

support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers may go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the court must examine the record as a whole and consider what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

3

(5:20CV1876)

Plaintiff raises two objections to the Report and Recommendation. Plaintiff's first objection "argues substantial evidence proves [that] her conservative treatment has not been effective in controlling her symptoms and her ongoing efforts over time to improve her symptoms without success bolsters her credibility." ECF No. 17 at PageID #: 1004. For support, Plaintiff directs the Court to the record, which states that (1) Dr. Jeffrey M. Cochran, an orthopedic surgeon who evaluated Plaintiff in December 2011, "found decreased range of motion and diminished sensation of Plaintiff's left lower extremity, which corroborate Plaintiff's allegations of pain[,]" (2) Plaintiff has already "tried PT, injections, nerve blocks etc. all without much improvement[,]" and (3) both the ALJ and the magistrate judge did not acknowledge that a doctor "also stated an option is to live with the pain as is." Id.

Plaintiff raised these contentions in her merits brief. ECF No. 11 at PageID #: 957. Additionally, these contentions are not challenges to specific finding by the assigned magistrate judge, but rather " 'general objection[s]' that do[] nothing more than restate an argument previously presented or simply states a disagreement with a magistrate judge's suggested resolution." *Austin v. Comm'r of Soc. Sec.*, No. 1:19-CV-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (quoting *Howard*, 932 F.2d at 509). Plaintiff's general complaints "'ha[ve] the same effect as would a failure to object.'" *Austin*, No. 1:19-CV-2380, 2021 WL at *4 (quoting *Howard*, 932 F.2d at 509). Objections to a magistrate judge's Report and Recommendation must be more than simply a rehashing of arguments previously before the Court, or an overall disagreement with the magistrate judge's recommendation. *Grantz v. Comm'r of Soc. Sec. Admin.*, No. 5:16CV2033, 2017 WL 2829908, at *2 (N.D. Ohio June 30, 2017) (finding "[p]laintiff's 'objection in full' is not a proper objection" because "[o]bjections to

4

(5:20CV1876)

the magistrate judge's Report must be specific, not general"). Accordingly, Plaintiff's first objection is overruled.

Plaintiff's second objection asserts that the "allegations are not inconsistent with the objective evidence." Id.  Plaintiff points to the findings of (1) Dr. Robert M. Felden, Plaintiff's pain management physician, who evaluated Plaintiff in March 2011 for lower back and lower extremities pain, and (2) Dr. Nicholas Varatti, who evaluated Plaintiff in April 2012, to highlight the lack of inconsistencies between Plaintiff's allegations and the objective medical evidence. ECF No. 17 at PageID #: 1004 – 05.  Like Plaintiff's first objection, this contention was raised in Plaintiff's merits brief.  ECF No. 11 at PageID #: 957 – 59.  This objection is also much more akin to a general objection to the assigned magistrate judge's overall recommendation, rather than a specific objection to a finding by the assigned magistrate judge.  As indicated above, objections must be specific, not general.  Because Plaintiff has not made a specific objection, Plaintiff's second objection is overruled.

### III.  Conclusion

For the reasons above, Plaintiff's objections (ECF No. 17) are overruled.[2]  The Report and Recommendation (ECF No. 15) is adopted.  Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| January 31, 2022 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] Plaintiff's request for an extension of time to file objections (ECF No. 16) is denied as moot.

5